RENDERED:  MARCH 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0596-DG

JOSHUA BANISTER                      APPELLANT

                ON DISCRETIONARY REVIEW FROM
v.                   MEADE CIRCUIT COURT
           HONORABLE BRUCE T. BUTLER, JUDGE
               ACTION NO. 21-XX-00003

COMMONWEALTH OF KENTUCKY           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND CETRULO, JUDGES.

ACREE, JUDGE:  Joshua Banister, Appellant, appeals the Meade Circuit Court's April 29, 2022 Opinion Affirming the Meade District Court's November 16, 2018 Order denying Appellant's suppression motion.  Appellant entered a conditional guilty plea to appeal the denial of his motion, arguing a Kentucky State Trooper

lacked the requisite reasonable suspicion of illegal activity when he observed

Appellant pulling a trailer on a public roadway with a woman riding on the trailer.

This Court granted discretionary review.  We affirm.

## BACKGROUND

On September 9, 2017, Trooper Richard Ellis encountered a GMC

Suburban pulling a trailer.  He noticed a woman riding on the trailer rather than

within the safe confines of the vehicle and stopped the Suburban.

Trooper Ellis smelled a strong odor of alcohol when he approached

the vehicle.  He administered field sobriety tests to Appellant who was driving the

Suburban.  Testing revealed he was intoxicated.  Trooper Ellis arrested Appellant

for driving under the influence of alcohol.

In the district court, Appellant filed a motion to suppress the evidence

of his offense arguing the female passenger riding in the trailer did not constitute a

violation of KRS[1] 189.125, Kentucky's seatbelt statute.  Accordingly, he argued,

Trooper Ellis did not have a reasonable and articulable suspicion of illegal activity

necessary to support the traffic stop.  Following a suppression hearing, the district

court denied the motion.  The court concluded the circumstances did support

Trooper Ellis's reasonable and articulable suspicion sufficient to stop Appellant's

---

[1] Kentucky Revised Statutes.

vehicle. The district court determined a person riding on a trailer constitutes a violation of KRS 189.125(6).[2] The appeal centers on this ruling.

## ANALYSIS

Where, as here, there are no facts in dispute and the appeal raises only legal questions, the appellate court undertakes a *de novo* review. In considering the applicable law, we start with Appellant's Fourth Amendment protections.

"In order to uphold the protections of the Fourth Amendment, an officer conducting an investigatory stop must have a reasonable suspicion, based on objective and articulable facts, that criminal activity has occurred, is occurring, or is about to occur." *Commonwealth v. Morgan*, 248 S.W.3d 538, 540 (Ky. 2008) (footnote omitted) (citing *Brown v. Texas*, 443 U.S. 47, 51, 99 S. Ct. 2637, 2641, 61 L. Ed. 2d 357 (1979)).

As Appellant argues, Trooper Ellis could not have reasonably suspected criminal activity was afoot because the seatbelt statute did not apply to the woman who rode on Appellant's trailer. Accordingly, Appellant and the Commonwealth respectively urge us to define the scope of KRS 189.125 narrowly or broadly. Appellant insists the statute does not apply to those riding in cargo areas, such as a pickup bed or a trailer. The Commonwealth asserts that all passengers must wear a seatbelt, no matter their location.

---

[2] Procedurally, the case was a bit more circuitous, but in ways that do not affect the outcome.

However, we need not determine this specific question. There is a simpler and more direct resolution. "[R]easonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition . . . ." *Heien v. North Carolina*, 574 U.S. 54, 60, 135 S. Ct. 530, 536, 190 L. Ed. 2d 475 (2014). This is because reasonableness is "the ultimate touchtone" of Fourth Amendment jurisprudence. *Id*. (quoting *Riley v. California*, 573 U.S. 373, 381, 134 S. Ct. 2473, 2482, 189 L. Ed. 2d 430 (2014)). "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials[.]" *Id*. at 60-61, 135 S. Ct. at 536 (citing *Brinegar v. United States*, 338 U.S. 160, 176, 69 S. Ct. 1302, 1311, 93 L. Ed. 1879 (1949)).

This extends to police officers' reasonable suspicions: "Reasonable suspicion arises from the combination of an officer's understanding of the facts and his understanding of the relevant law." *Id*. at 61, 135 S. Ct. at 536. A police officer may hold a "reasonably mistaken" understanding under either category. *Id*. However, "[t]he Fourth Amendment tolerates only *reasonable* mistakes, and those mistakes – whether of fact or of law – must be *objectively* reasonable." *Id*. at 66, 135 S. Ct. at 539 (emphasis original).

Such objectively reasonable, but mistaken, understanding of law existed in *Heien*, where a law enforcement officer pulled a driver over because one of the driver's brake lights was out. *Id*. at 57, 135 S. Ct. 534. But North Carolina

law only required one of a vehicle's brake lights to be functioning, not both. *Id.* Though the statute required vehicles to be equipped with "a stop lamp" and not two or more stop lamps, the statute provided that the stop lamp "may be incorporated into a unit with one or more other rear lamps." *Id.* at 59, 135 S. Ct. at 535 (quoting N.C. Gen. Stat. § 20-129(g) (2007)). Another provision of the statute required that all vehicles "have all originally equipped rear lamps or the equivalent in good working order[.]" *Id.* at 68, 135 S. Ct. at 540 (quoting N.C. Gen. Stat. § 20-129(d) (2007)). Accordingly, the Court found it reasonable to conclude that a stop lamp is a type of rear lamp and, therefore, a vehicle equipped with multiple stop lamps must have all stop lamps in working order. *Id.* at 67-68, 135 S. Ct. at 540. The Supreme Court had "little difficulty" in determining the officer held a reasonable misunderstanding of the law. *Id.* at 67, 135 S. Ct. at 540.

It is not necessary to interpret the scope of KRS 189.125 to affirm the district court. Assuming, *arguendo*, that Kentucky's seatbelt statute did not require passengers riding in trailers or in the beds of pickup trucks to wear seatbelts, it would be completely reasonable for Trooper Ellis to have misunderstood the law to prohibit individuals from riding in such areas without seatbelts. The seatbelt statute, with narrow exceptions irrelevant to this appeal, states: "A person shall not operate a motor vehicle manufactured after 1981 on the public roadways of this state unless the driver and all passengers are wearing a properly adjusted and

fastened seat belt[.]" KRS 189.125(6).  While Kentucky's motor vehicle statute does define what a "vehicle" is, it does not do so in a manner that would exempt or include a trailer from the statute's provisions.  *See* KRS 189.010(19).[3]  The statute does not provide a definition of "passenger" at all.  *See* KRS 189.010 *et seq*.  And we have this from Black's Law Dictionary:

> **vehicle** (**vee**-ə-kəl) *n.* (17c) **1**. An instrument of transportation or conveyance. **2**. Any conveyance used in transporting passengers or things by land, water, or air.
> - **motor vehicle**. (1890) A wheeled conveyance that does not run on rails and is self-propelled, esp. one powered by an internal-combustion engine, a battery or fuel-cell, or a combination of these.

*Vehicle*, BLACK'S LAW DICTIONARY (11th ed. 2019).  We note particularly that Black's treats motor vehicles as a subcategory of vehicles in general.  The same distinction is made between KRS 189.010(19)(a) ("vehicle") and KRS 189.010(19)(b) ("motor vehicle").  And the vehicle in general in this case was "used in transporting [a] passenger" and that is who drew Trooper Ellis's attention.

It was therefore reasonable for Trooper Ellis to believe the passenger being transported by Appellant was in a vehicle without being restrained by a seatbelt.  Even if we assume Trooper Ellis was wrong about the law when he stopped Appellant, we cannot say his mistake of the law was unreasonable.

---

[3] KRS 189.010(19)(a), as relevant, defines a "vehicle" to include "[a]ll vehicles passing over or upon the highways."  While the statute goes on to list exceptions to this definition in subsection 19(b), a trailer is not one of these exceptions.

If Appellant was contesting a conviction under the seatbelt statute itself, we would then be required to determine whether a person riding in a trailer without wearing a seatbelt violates KRS 189.125. But, because Appellant instead challenges the traffic stop which resulted in his arrest for DUI, this analysis is unnecessary.

Given the uncontested facts of this case and the ruling in *Heien* by the Supreme Court of the United States interpreting the Fourth Amendment, it is unnecessary for this Court to discern the General Assembly's intention from the language of the seatbelt statute.

## **CONCLUSION**

Based on the foregoing, we affirm the Meade Circuit Court's April 29, 2022 Opinion Affirming.

CALDWELL, JUDGE, CONCURS.

CETRULO, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Larry D. Ashlock
Elizabethtown, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristen L. Conder
Assistant Attorney General
Frankfort, Kentucky